ACCEPTED
04-13-00891-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/7/2015 4:17:33 PM
KEITH HOTTLE
CLERK

**No. 04-13-00891-CR**

In the

# Fourth Court of Appeals District of Texas
### San Antonio, Texas

DONALD F. HUFF,
*Appellant*

*v.*

STATE OF TEXAS,
*Appellee*

On appeal from the 226th Judicial District Court
Bexar County, Texas

Trial Cause No. 2011-CR-2990

## STATE'S MOTION FOR REHEARING

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
CRIMINAL DISTRICT ATTORNEY'S OFFICE
Bexar County, Texas
101 West Nueva Street, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the State of Texas*

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... ii

INDEX OF AUTHORITIES....................................................................................... iii

STATEMENT OF THE CASE .....................................................................................1

GROUNDS FOR REHEARING .................................................................................2

ARGUMENT .......................................................................................................3

**Ground One:** The Court's opinion contravenes a basic tenet of the Fourth Amendment by relying on the officer's subjective intent.................................................................................................3

*Applicable Law: The Fourth Amendment and an Officer's Subjective Intent* ......................................................................................3

*Application of the Law to the Present Record*...............................4

**Ground Two:** The Court's opinion implies an incorrect legal standard for exigent circumstances. ........................................................6

*Applicable Law: McNeely* ............................................................6

*Application of the Law to the Present Record*...............................7

**Conclusion** ...............................................................................................8

PRAYER...............................................................................................................9

CERTIFICATE OF SERVICE....................................................................................10

CERTIFICATE OF COMPLIANCE ...........................................................................10

# INDEX OF AUTHORITIES

**Statutes:**

TEX. CODE CRIM. PROC. art. 18.02................................................................8

TEX. PENAL CODE § 19.02(b)......................................................................1

**Cases:**

*Aliff v. State*,
627 S.W.2d 166 (Tex. Crim. App. [Panel Op.] 1982)................................7, 9

*Ashcroft v. al-Kidd*,
131 S. Ct. 2074 (2011)..............................................................................3

*Brinegar v. United States*,
338 U.S. 160 (1949)...................................................................................4

*Cole v. State*,
454 S.W.3d 89 (Tex. App.—Texarkana 2014),
*pet. granted*, No. PD-0077-15,
No. 2015 Tex. Crim. App. LEXIS 508 (Tex. Crim. App. Apr. 22, 2015) ......6

*Devenpeck v. Alford*,
543 U.S. 146 (2004).................................................................................3, 5

*Heien v. North Carolina*,
135 S. Ct. 530 (2014)...............................................................................4, 5

*Hill v. California*,
401 U.S. 797 (1971).................................................................................4, 5

*Huff v. State*,
No. 04-13-00891-CR, ___ S.W.3d ___
(Tex. App.—San Antonio 2015, no pet. h.) ...............................................1, 6

*Kentucky v. King*,
131 S. Ct. 1849 (2011)...............................................................................4

*Mincey v. Arizona*,
437 U.S. 385 (1978)...................................................................................4

*Missouri v. McNeely,*
    133 S. Ct. 1552 (2013)......................................................... 6, 7, 8, 9

*Ryburn v. Huff,*
    132 S. Ct. 987 (2012).................................................................7

*Schmerber v. Califorina,*
    384 U.S. 757 (1966).................................................................6, 9

*Scott v. United States,*
    436 U.S. 128 (1978).................................................................3

*United States v. Sharpe,*
    470 U.S. 675 (1985).................................................................7, 8

*Whren v. United States,*
    517 U.S. 806 (1996).................................................................3, 5

**Rules:**

TEX. R. APP. P.  9.4(i)(2)(B) ................................................................10

TEX. R. APP. P.  9.4(i)(3)................................................................10

TEX. R. APP. P.  9.5(b)................................................................10

TEX. R. APP. P. 49.1. ................................................................1

TO THE HONORABLE FOURTH COURT OF APPEALS:

NOW COMES the State of Texas, by and through Nicholas "Nico" LaHood, criminal district attorney of Bexar County, Texas, and the undersigned assistant criminal district attorney, with the filing of the following Motion for Rehearing.

## STATEMENT OF THE CASE

Donald F. Huff, hereinafter referred to as Appellant, was charged by indictment with murder (C.R. at 19). *See* TEX. PENAL CODE § 19.02(b). This Court reversed the trial courts judgment on the basis that evidence was admitted during trial that was seized in violation of the Fourth Amendment. *Huff v. State*, No. 04-13-00891-CR, ___ S.W.3d ___ (Tex. App.—San Antonio 2015, no pet. h.). The State now asks this Court to reconsider its previous judgment and opinion. *See* TEX. R. APP. P. 49.1.

## GROUNDS FOR REHEARING

**Ground One:** The Court's opinion contravenes a basic tenet of the Fourth Amendment by relying on the officer's subjective intent.

**Ground Two:** The Court's opinion implies an incorrect legal standard for exigent circumstances.

## ARGUMENT

**Ground One:** The Court's opinion contravenes a basic tenet of the Fourth Amendment by relying on the officer's subjective intent.

In deciding whether the instant blood draw was supported by exigent circumstances, this Court relied almost entirely on the officer's subjective intent. This Court also relied on the trial court's conclusion, which appears to have also erroneously relied on the officer's subjective intent. *Huff*, at \*29–30. Because the Supreme Court has repeatedly stated that an officer's subjective intent does not control a Fourth Amendment analysis, this Court should reconsider its original opinion.

### *Applicable Law: The Fourth Amendment and an Officer's Subjective Intent*

It is axiomatic that the subjective intent of the officer is irrelevant to the lawfulness of a search or seizure. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011); *Devenpeck v. Alford*, 543 U.S. 146, 154–55 (2004); *Bond v. United States*, 529 U.S. 334, 339 n.2 (2000); *Whren v. United States*, 517 U.S. 806, 813 (1996). A court must decide whether "the circumstances, viewed objectively, justify the challenged action." *Ashcroft*, 131 S. Ct. at 2080 (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978) (alterations omitted)). Consistent with this principle, the Supreme Court has stated that police may conduct a warrantless search "when the exigencies of the situation make the needs of law enforcement so compelling that a

warrantless search is *objectively reasonable* under the Fourth Amendment."
*Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011) (quoting *Mincey v. Arizona*, 437
U.S. 385, 394 (1978) (emphasis added, internal quotes and alterations omitted)).

Along this same line is the equally axiomatic rule that an officer does not
have to be *right* so long as he is *reasonable. See Hill v. California*, 401 U.S. 797,
804 (1971) (officer's factual mistake was reasonable and did not invalidate search
and seizure). "To be reasonable is not to be perfect, and so the Fourth Amendment
allows for some mistakes on the part of government officials, giving them 'fair
leeway for enforcing the law in the community's protection.'" *Heien v. North
Carolina*, 135 S. Ct. 530, 536 (2014) (quoting *Brinegar v. United States*, 338 U.S.
160, 176 (1949)).

### *Application of the Law to the Present Record*

The question in the present case should not tunr on Officer Peeler's opinion.
Rather, the question should be whether an objective assessment of the facts support
a finding of exigent circumstances. Contrary to the trial court's ruling and this
Court's opinion, the record supports such a finding.

Peeler initially had to block off traffic when he arrived at the scene of a
major accident (V R.R. at 10). Then his supervisor asked him to handle the DWI
portion of the accident investigation (V R.R. at 10). Once Peeler asked Appellant
to perform standardized field sobriety tests, he requested EMS treatment (V R.R. at

12). Peeler was unable to request a blood specimen from Appellant until 10:53 PM (V R.R. at 15). In addition, there was no expedited process to obtain a blood-warrant in 2009 (V R.R. at 14, 15). The blood was ultimately drawn by a nurse at the hospital at 11:36 PM (V R.R. at 15). This Court should have analyzed these facts from an objective perspective. Instead, this Court and the trial court rested its ruling and opinion on the officer's conclusory response to Appellant's leading question: "Where there any exigent circumstances that prevented you from getting a warrant?" "No, sir." (V R.R. at 19). But the officer testified to more.

The Fourth Amendment does not require Peeler to subjectively believe that exigent circumstances were present, *see Devenpeck*, 543 U.S. at 154–55; *Whren*, 517 U.S. at 813, nor does it require him to be factually correct as to the sufficiency of exigent circumstances, *see Heien*, 135 S. Ct. at 536; *Hill*, 401 U.S. at 804. This Court's exigency analysis contains no reference to any objective facts and relies solely on Peeler's subjective belief (supported by a single response to a leading question). *See Huff*, at *29–32. The State respectfully asks this Court to reissue its opinion with an exigency analysis based on objective facts and consistent with the above cited precedent.

**Ground Two:** The Court's opinion implies an incorrect legal standard for exigent circumstances.

This Court and the trial court concluded that there were no exigent circumstances because "the officer never thought of obtaining a warrant because it was not standard procedure." *Huff*, at *31. This conclusion is inconsistent with *McNeely's* holding.

### *Applicable Law: McNeely*

In *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), the Supreme Court reaffirmed its previous holding in *Schmerber v. Califorina*, 384 U.S. 757 (1966). In that case the Court concluded that a warrantless blood draw was administered under exigent circumstances after a suspect was transported to a hospital following a car crash. *McNeely*, 133 S. Ct. at 1559–60 (citing *Schmerber*). The *McNeely* Court referred to the crash circumstances in *Schmerber* as "special facts" and distinguished *Schmerber's* car crash scenario from *McNeely's* run-of-the-mill DWI arrest. *McNeely*, 133 S. Ct. at 1559–61. The question, according to *McNeely*, is not whether the officer can obtain a warrant. The question is whether police can obtain a warrant "without significantly undermining the efficacy of the search." *Id.* at 1561.[1] The *McNeely* plurality warned reviewing courts not to view an

---

[1] The Court of Criminal Appeals recently granted the State's petition for discretionary review of the Texarkana Court of Appeals decision in *Cole v. State*, 454 S.W.3d 89 (Tex. App.—Texarkana 2014), *pet. granted*, No. PD-0077-15, No. 2015 Tex. Crim. App. LEXIS 508 (Tex. Crim. App. Apr. 22, 2015). The first ground presented in the *Cole* PDR is: "Did the Court of

officer's action with "the 20/20 vision of hindsight" when answering this question. *Id.* at 1564 (plurality op.) (quoting *Ryburn v. Huff*, 132 S. Ct. 987, 992 (2012)). It is always important that courts review an officer's conduct for objective reasonableness and not whether he took the most reasonable course of action amongst a set of reasonable alternatives. *United States v. Sharpe*, 470 U.S. 675, 686–87 (1985).

The Court of Criminal Appeals has previously concluded that exigent circumstances existed in a case similar to both *Schmerber* and the present case. *See Aliff v. State*, 627 S.W.2d 166, 168–70 (Tex. Crim. App. [Panel Op.] 1982) (blood draw of manslaughter suspect in hospital who was not under arrest did not violate Fourth Amendment).

### *Application of the Law to the Present Record*

In the present case, Officer Peeler followed Appellant to the hospital, but was not able to speak with him and ask him for a consensual blood test until 10:53 PM—nearly three hours after the initial crash (V R.R. at 12–15). The blood was ultimately drawn pursuant to the mandatory law at 11:36 PM (V R.R. at 15). Had Peeler sought a warrant at that point, without the current "no refusal procedures" in

---

Appeals conduct an incorrect exigent circumstances analysis when it required proof of a 'now or never' level of urgency?" *See* Court of Criminal Appeals' Issues Page at http://www.txcourts.gov/media/914405/issues04292015.pdf. The Court is also reviewing other *McNeely* issues involving car crashes in the cases of *Douds v. State*, No. PD-0857-14, and *Weems v. State*, No. PD-0635-14.

place, he would have compromised "the efficacy of the search," i.e., the probative value of the blood. *McNeely*, 133 S. Ct. at 1561. Accordingly, Peeler's actions were consistent with *McNeely* and *Schmerber*.

Of course, this Court could second guess Peeler and conclude that he should have applied for a warrant based on his initial observations at the scene—specifically, the odor on Appellant's breath, the clues observed during the HGN test, and the fact that Appellant lost control of his motorcycle. However, a magistrate need not ever issue a warrant. He *may* issue a warrant if he is convinced that the officer has probable cause. *See* TEX. CODE CRIM. PROC. art. 18.02. And a magistrate would be acting well within the law to decline to issue the warrant if the officer had not first requested a voluntary breath specimen or obtained a refusal. This Court should not fault Peeler for first attempting to obtain Appellant's consent or refusal because a refusal to voluntarily submit a blood or breath specimen has probative value in a DWI investigation. *McNeely*, 133 S. Ct. at 1564 (plurality op.); *Sharpe*, 470 U.S. at 686–87. By the time Appellant refused, too much time had already passed and Peeler was reasonable to proceed without a warrant.

**Conclusion**

This Court's exigency analysis turns on Officer's Peeler's subjective intent and ignores the objective facts and whether, based on those facts, obtaining a

search warrant would have significantly undermined the "efficacy of the search." *McNeely*, 133 S. Ct. at 1561. Regardless of whether the mandatory blood draw provision of the Transportation Code is by itself is a reasonable alternative to a search warrant (a question still pending), Officer Peeler's conduct was reasonable in light of general Fourth Amendment principles and precedent from both the Supreme Court and the Court of Criminal Appeals. *See Schmerber*, 384 U.S. at 766–71; *Aliff*, 627 S.W.2d at 168–70.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee State prays this reconsider its judgment and opinion of April 8, 2015, and issue a new judgment and opinion affirming the trial court's judgment of conviction and sentence.

Respectfully submitted,

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
Bexar County, Texas

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for Appellant State of Texas*

9

## CERTIFICATE OF SERVICE

I, Nathan E. Morey, hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.5(b), a true and correct copy of the above and foregoing brief was emailed to Dayna Jones on Thursday, May 7, 2015.

## CERTIFICATE OF COMPLIANCE

I, Nathan E. Morey, certify that, pursuant to Texas Rules of Appellate Procedure 9.4(i)(2)(B) and 9.4(i)(3), the above and foregoing Motion for Rehearing contains 2,324 words according to the "word count" feature of Microsoft Office.

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorney for Appellant State*

cc: DAYNA L. JONES
*Attorney at Law*
State Bar No. 24049450
206 East Locust Street
San Antonio, Texas 78212
Voice: (210) 255-8525
Fax: (210) 249-0116
Email: daynaj33@gmail.com
*Attorney for Appellant*

10